UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS COLLAZO,

      Plaintiff,

v.                      Case No.  8:14-cv-2326-T-33MAP

UNITED STATES OF AMERICA,

      Defendant.
_____/

## ORDER

This cause comes before the Court pursuant to Plaintiff's Motion to Modify Order Appointing Mediator and/or Allow Deposition by Remote Means and/or Seek Other Relief (Doc. # 32), which was filed on March 11, 2015.  Upon due consideration, the Court grants the Motion in part and denies the Motion in part.

## Discussion

Plaintiff Thomas Collazo claims that, on May 7, 2011, a United States Postal Service employee negligently caused a car accident in St. Petersburg, Florida, casing injury to Plaintiff. (Doc. # 1). Plaintiff alleges that "the employee of the United States Postal Service fled the scene after the collision." (Id. at ¶ 12). Plaintiff filed his complaint against the United States on June 9, 2014, pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2674.  The United States filed its answer and affirmative defenses on August 25, 2014.

(Doc. # 8).

On October 9, 2014, the Court filed its Case Management and Scheduling Order (Doc. # 23) establishing the discovery deadline as April 10, 2015, the mediation deadline as April 30, 2015, the dispositive motions deadline as May 10, 2015, and setting the case for a bench trial during the October, 2015, trial term.

On February 27, 2015, Plaintiff advised the Court that the parties selected Peter Grilli, Esq. as their mediator and scheduled the mediation to take place on April 27, 2015. (Doc. # 29). The Court accordingly appointed Peter Grilli, Esq. as the mediator. (Doc. # 30).

At this juncture, Plaintiff represents that he is unemployed and living in New York.  He posits that it is unduly burdensome and presents a hardship for him to travel to Florida for the mediation and his deposition if these events are scheduled separately.  He requests permission to appear at the mediation remotely and suggests that, should the Court require him to appear in person for both his deposition and the mediation, that these matters be scheduled "no more than 2 days apart." (Doc. # 32 at 1).

To the extent Plaintiff requests permission to appear at the mediation remotely, the Motion is denied.  The Court has

set forth its requirement of personal attendance at mediation in a series of binding Orders.  On October 9, 2014, the Court entered its Case Management and Scheduling Order. (Doc. # 23). Therein, the Court decreed that "[a]ll counsel, parties, corporate representatives, and any other required claims professionals shall be present at the Mediation Conference with full authority to negotiate a settlement.  The Court does not allow mediation by telephone or video conference. Personal attendance is required.  See Local Rule 9.05(c)." (Id. at 12).

The Court appointed the parties' selected mediator, Peter Grilli, Esq., in an Order dated February 27, 2015. (Doc. # 30).  Therein, the Court mandated that the parties mediate in good faith and reiterated its requirement that all parties "shall be present at the mediation conference with full authority to negotiate a settlement.  The Court does not allow mediation by telephone or video conference.   Personal attendance is required." (Id. at 1-2).

At this juncture, Plaintiff requests permission to appear at the mediation remotely because he is unemployed and needs to focus on searching for employment.   This argument is unpersuasive.  Plaintiff has not provided a compelling basis for allowing an exception to the Court's requirement that

mediation conferences be conducted personally, rather than telephonically or remotely.

Parties have been required to attend settlement conferences in person under harsher circumstances. <u>See</u> <u>Pecoraro v. State Farm Fire and Cas. Co.</u>, No. 1:07-cv-777-LTS-RHW, 2008 WL 3842912, at *1 (S.D. Miss. Aug. 13, 2008) ("This Court has denied other requests based on hardship, including one in which the Plaintiff lived in Bartlesville, Oklahoma, had limited financial means to travel to Mississippi for the mediation, was disabled to the point of being legally blind, did not have a driver's license, and her means of travel were limited."). Further, at least one court has imposed sanctions for a party's failure to procure the personal attendance of a person with full settlement authority at a mediation conference. <u>See</u> <u>Falcon Farms v. R.D.P. Floral, Inc.</u>, No. 07-23077-CIV-Ungaro/Simonton, 2008 U.S. Dist. LEXIS 62119, at *6 (S.D. Fla. Aug. 14, 2008).

Court annexed mediation is a valuable tool for the parties to utilize in settling their disputes. While the Court understands the importance of keeping litigation costs down, a meaningful settlement discussion would be the best way to minimize costs. This Court requires personal attendance at mediation conferences because this Court strongly believes

that mediation conferences are most effective when attended personally, rather than telephonically.  Plaintiff's request for permission to appear at the mediation remotely is accordingly denied.

However, in the interest of fairness, the Court directs the United States to cooperate and accommodate Plaintiff with respect to scheduling his deposition.  The deposition of Plaintiff and the mediation should be scheduled such that Plaintiff is only required to travel to Florida on one occasion.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff's Motion to Modify Order Appointing Mediator and/or Allow Deposition by Remote Means and/or Seek Other Relief (Doc. # 32) is **DENIED** to the extent Plaintiff seeks permission to appear at the mediation remotely.  However, the Court directs the United States to work with Plaintiff to minimize Plaintiff's travel time, particularly with respect to scheduling Plaintiff's deposition.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 13th day of March, 2015.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

5

Copies: All Counsel of Record